[Cite as *State v. Barkley*, 2026-Ohio-2607.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellant, :

    v. :

DARION BARKLEY, :

    Defendant-Appellee. :

No. 115410

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 9, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-697605-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen L. Hatcher, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell-Sacks, Assistant Public Defender, *for appellee*.

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Plaintiff-appellant the State of Ohio appeals from the trial court's July 8, 2025 judgment granting the motion to dismiss of defendant-appellee Darion

Barkley ("Barkley"). After a careful review of the history of the case and pertinent law, we reverse and remand.

**Procedural History**

{¶ 2} The within case was the second case the State initiated against Barkley for an alleged offense that occurred on September 18, 2023. The first case, *State v. Barkley*, Cuyahoga C.P. No. CR-23-685369-A, originated after Barkley was arrested by the Lakewood police on September 19, 2023, for the alleged September 18, 2023 offense. The charge was one count of felony trafficking of marijuana. On the same date of Barkley's arrest, September 19, 2023, the municipal court set bond, it was posted on Barkley's behalf, and Barkley was released.

{¶ 3} On September 28, 2023, Barkley waived his right to a preliminary hearing in the Lakewood Municipal Court and the court ordered the case to be bound over to a Cuyahoga County Grand Jury. The municipal court record was received by the common pleas court on the same day, September 28, 2023. However, without any indictment, complaint, or information having been filed, the State, on November 6, 2023, filed a "motion to terminate charges filed." The State indicated in its motion that the "case is closed [and] the defendant will not be charged with the offense at this time; however, the State reserves the right to refile these and any other charges; any cash monies on deposit are ordered returned to the depositor."

{¶ 4} On November 15, 2023, the administrative judge of the common pleas court issued a judgment entry granting the State's motion to terminate the charges

"for good cause shown." The trial court's judgment noted that the State had the "right to refile these and/or other charges." Further, the court's judgment ordered that any monies on deposit on the case be released to the depositor.

{¶ 5} Over a year later, on December 11, 2024, the State indicted Barkley in this case on three drug-related charges; the alleged date of the offenses was September 18, 2023, the same date of the offense in the first case. Count 1 charged trafficking in marijuana; Count 2 charged possession of marijuana; and Count 3 charged possession of criminal tools. On December 26, 2024, Barkley filed a motion to dismiss the charges on speedy-trial grounds. The State filed a written response in opposition to the motion, and Barkley filed a reply to the State's opposition. Pretrial proceedings were conducted, and in June 2025, the trial court held a hearing on Barkley's motion to dismiss.

{¶ 6} After the hearing, the trial court issued the subject judgment granting Barkley's motion to dismiss. The State now sets forth the following sole assignment of error for our review: "The trial court erred when it granted Barkley's motion to dismiss."

**Law and Analysis**

{¶ 7} Under R.C. 2945.71, a person charged with a felony offense must be brought to trial within 270 days after the person's arrest, or 90 days if the person is in custody. *See* R.C. 2945.71(C)(2) and (E).

{¶ 8} A defendant establishes a prima facie case for discharge based on a speedy-trial violation when he or she demonstrates that more than 270 days, or if

applicable 90 days, elapsed before trial. *See State v. Butcher*, 27 Ohio St.3d 28 (1986). The burden then shifts to the State to show that R.C. 2945.72 extended the time limit. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55-56 (1996).

{¶ 9} "Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo." *State v. Long*, 2020-Ohio-5363, ¶ 15, citing *State v. Barnes*, 2008-Ohio-5472 (8th Dist.).

{¶ 10} The salient issue for us to determine is whether Barkley's arrest in the first case started the speedy-trial time and kept it running through the indictment in this case. If the answer is yes, as found by the trial court, then the State's time to bring Barkley to trial expired in June 2024. For the reasons explained below, we find that the speedy-trial time did not continue to run and the trial court erred in granting his motion to dismiss.

{¶ 11} The Supreme Court of Ohio has held that "the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail . . . ." *State v. Broughton*, 62 Ohio St.3d 253, syllabus (1991); *see also State v. Myers*, 2002-Ohio-6658, ¶ 36. Thus, after the court granted the State's motion to terminate the charges in November 2023, no charges relative to Barkley's September 19, 2023 arrest

remained pending. Fifty-seven days elapsed between Barkley's arrest and the dismissal of the first case; those days were chargeable to the State.

{¶ 12} The State brought this case against Barkley on December 11, 2024, at which time, the speedy trial clock began running again. *See State v. Azbell*, 2006-Ohio-6552, syllabus ("For purposes of calculating speedy-trial time . . . a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance.").

{¶ 13} On December 26, 2024, the date of his arraignment, Barkley filed his motion to dismiss. Under R.C. 2945.72(E), the filing of the motion tolled time (time tolled for "[a]ny period of delay necessitated by reason of a . . . motion . . . instituted by the accused"). Thus, 15 days elapsed between the indictment in this case and when Barkley filed his motion to dismiss. Added to the previously charged 57 days, 72 days counted against the State for speedy-trial calculation.

{¶ 14} The first pretrial was held on January 8, 2025. Because of Barkley's pending motion to dismiss, speedy-trial time was tolled between the arraignment and the first pretrial. The pretrial was continued at Barkley's request until January 21, 2025, due to ongoing discovery. No speedy-trial time elapsed between the pretrial hearings. *See* R.C. 2945.72(H) (tolling the time for "[t]he period of any continuance granted on the accused's own motion").

{¶ 15} A second pretrial was held on January 21, 2025. That pretrial was continued until January 29, 2025, at the request of the State due to ongoing

discovery. "Motions to continue that are filed by the prosecution may also toll speedy trial time so long as the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof." *State v. Fields*, 2025-Ohio-1543, ¶ 19, (8th Dist.); *see also* R.C. 2945.72(H) (tolling the time for "the period of any reasonable continuance granted other than upon the accused's own motion"). The State's request for a continuance was based on the same ground as Barkley's previous request — that discovery was ongoing — and there is no indication in the record that Barkley objected to the request. Thus, time was tolled from January 21, 2025, through January 29, 2025.

{¶ 16} Barkley requested continuances for four pretrial hearings scheduled after January 29, 2025, thereby further tolling the speedy-trial time. After continuance of the last of these pretrial hearings, the trial court set a pretrial for April 1, 2025. However, the April 1, 2025 pretrial was continued until April 7, 2025, on the trial court's initiative because the court was engaged in a criminal trial — another tolling event under R.C. 2945.72(H); *see Cleveland v. Collins*, 2018-Ohio-958, ¶ 56 (8th Dist.) ("scheduling and docketing conflicts are reasonable grounds for extending an accused's trial date beyond the speedy trial time").

{¶ 17} There is no entry on the docket indicating that the April 7, 2025 pretrial occurred. The next entry on the docket, dated April 24, 2025, indicates that a pretrial hearing set for that date was continued at Barkley's request for ongoing discovery; another pretrial hearing was set for May 5, 2025. Counting the time between April 7, 2025, through April 24, 2025, 17 days were chargeable to the State,

which, when added to the other charged 72 days, brought the total number of speedy-trial days counted against the State to 89.

{¶ 18} The May 5, 2025 pretrial hearing was continued at Barkley's request. On May 21, 2025, the trial court set a hearing for Barkley's motion to dismiss, which tolled the speedy-trial time once again. Following the hearing, there was one additional pretrial scheduled for and held on July 1, 2025 (prior to the court ruling on the motion to dismiss). The July 1, 2025 pretrial was continued, at Barkley's request again, until July 15, 2025. The trial court granted Barkley's motion to dismiss on July 8, 2025, prior to the scheduled July 15, 2025 pretrial hearing.

{¶ 19} On this record, 89 speedy-trial days counted against the State and the trial court erred in granting Barkley's motion to dismiss.

{¶ 20} We are not persuaded, as the trial court was, that *State v. Sanford*, 2022-Ohio-3107, changes the speedy-trial outcome outlined above. In *Sanford*, the defendant "killed another driver in a car accident" and fled the scene. *Id.* at ¶ 2. The defendant later turned himself in the same day of the accident. The State arrested him and charged him with one felony offense — failure to stop after an accident — pending indictment. At the time of his arrest, the defendant stated "that he had been drinking whiskey and had smoked two 'blunts' prior to the collision." *Id.* at ¶ 5. The defendant was indicted three months later, and the indictment included "additional charges" alleging that the defendant had "a prohibited level of drugs in his system." *Id.* The new charges "were based on toxicology results

unavailable at the time of the defendant's arrest." *Id*. at ¶ 2. The defendant eventually posted bond, and at that time, had been in custody for 95 days.

{¶ 21} Here, however, Barkley was arrested on September 19, 2023, and posted bond that same day. Fifty-seven days later, the trial court granted the State's motion to dismiss the charges without prejudice. Unlike in *Sanford*, this case does not involve adding charges. Rather, the original charges were dismissed and the State re-filed them after it received the results of the drug analysis. *Sanford* dealt with adding new charges to old ones, but this case did not.

{¶ 22} We disagree with the trial court's finding that the State had all the information it needed to charge Barkley in September 2023. In Ohio, marijuana is defined as "all parts of a plant of the genus cannabis," not including "'hemp' or a 'hemp product.'" R.C. 3719.01(M), quoting R.C. 928.01. "Hemp" and "[h]emp product" are defined by their chemical composition. *See* R.C. 928.01(C) and (F). Therefore, a law-enforcement officer "may suspect" that something is marijuana instead of hemp but cannot know for certain until confirmatory testing is completed. Therefore, the new charges here, brought after the confirmatory testing was completed, should have started a new speedy-trial clock because they were based on information previously unknown and unobservable by the State.

{¶ 23} Moreover, the dismissal of the first case was valid. Crim.R. 48(A) provides that the State, by leave of court and in open court, may file an entry of dismissal to terminate a prosecution. Similarly, R.C. 2941.33 allows the prosecuting attorney to enter a dismissal with leave of court on good cause shown and in open

court. The "good cause" here was that the State was awaiting the testing of the suspected drugs and intended to seek reindictment after the results were confirmed.

{¶ 24} Regarding the "in open court" requirement, Ohio courts, including this court, have not required strict compliance with the requirement. *See, e.g., State v. Ramos*, 2022-Ohio-886, ¶ 38 (3d Dist.), citing *State v. Sutton*, 64 Ohio App.2d 105, 107 (9th Dist. 1979) (hearing held in chambers may also satisfy the open court requirement). Moreover, even if the dismissal of the first case was not strictly entered in open court, Barkley has not shown any resulting prejudice. *See State v. Brown*, 2016-Ohio-553, ¶ 8-11 (4th Dist.); *State v. Lenard*, 2013-Ohio-1995, ¶ 16-19 (8th Dist.); and *State v. Pendleton*, 2011-Ohio-2024, ¶ 40 (5th Dist.). As the *Pendleton* Court noted, Crim.R. 48(A) and related statutes were enacted to limit prosecutorial discretion by requiring judicial involvement. *Id.* at ¶ 40. The trial court's judgment dismissing the first case demonstrated a sufficient limitation on the State's discretion. Any procedural error was, at most, harmless. *See* Crim.R. 52(A); *State v. Hopkins*, 2025-Ohio-2102, ¶ 28 (12th Dist.), and *Lenard* at ¶ 19 ("[T]he fact that the dismissal was not made in open court with appellant's presence does not impact this [lack of prejudice] finding. Appellant benefits from this dismissal in that he has one fewer conviction. The fact that it was not made in open court and outside appellant's presence, under these circumstances, does not change this court's holding.").

{¶ 25} Finally, we disagree with Barkley that the case from the Lakewood Municipal Court remained pending. The municipal court only retained jurisdiction

"until such time as a transcript of the appearance, docket entries, and other matters required for transmittal [were] filed with the clerk of the court" in the common pleas court. Crim.R. 5(B)(8). The documentation from the municipal court was filed with the common pleas court on September 28, 2023, and at that time, the municipal court case was over.

{¶ 26} On this record, the trial court erred by granting Barkley's motion to dismiss and the State's sole assignment of error is sustained.

{¶ 27} Judgment reversed; case remanded for further proceedings.

This case is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

DEENA R. CALABRESE, J., CONCURS;
ANITA LASTER MAYS, J., DISSENTS (WITH SEPARATE OPINION)

ANITA LASTER MAYS, J., DISSENTING:

{¶ 28} Respectfully, I dissent. I would affirm the trial court's judgment dismissing this case on speedy-trial grounds. The majority concludes that the speedy-trial clock stopped when the State terminated the first case in 2023 and did not resume until the 2024 indictment. In my view applying applicable law, the clock never stopped, the State had every fact it needed to charge Barkley in 2023, and the ex parte termination of the first case was invalid.

{¶ 29} Review of a speedy-trial claim presents a mixed question of law and fact; the trial court's supported factual findings bind this court, and the application of law is reviewed de novo. *State v. Long*, 2020-Ohio-5363, ¶ 15. After an evidentiary hearing, the trial court found that the Lakewood police possessed every indicator necessary to charge Barkley with trafficking on September 19, 2023, baggies, a scale, and criminal tools. That finding is supported by competent, credible evidence and is binding. *State v. Sanford*, 2022-Ohio-3107, does not aid the State. *Sanford* held that a later test result starts a new speedy-trial period only when it supplies an element the State could not otherwise establish — there, the precise concentration of marijuana metabolites required for a *per se* OVI offense. *Id.* at ¶ 29-31. Drug trafficking and possession require no quantitative chemical threshold; the identity of the substance may be shown through officer observation and field indicia, and laboratory confirmation is merely cumulative. This case fits the *Sanford* Court's own example of suspected cocaine that needs no test to charge,

in which "the original speedy-trial period would still apply." *Id.* at ¶ 30. The 2024 charges thus carried no new clock.

{¶ 30} Nor was the first case validly terminated. Crim.R. 48(A) and R.C. 2941.33 permit the State to dismiss a pending cause only by leave of court, for good cause shown, and in open court. The November 15, 2023 termination met none of the open-court requirements: the State filed a unilateral written motion, and the administrative judge signed an ex parte order with no session of court, no notice to Barkley, and no record of the reasons. A dismissal entered without notice to the defendant is null and void and does not toll speedy-trial time. *State v. Monroe*, 2000 WL 807228 (4th Dist. June 14, 2000). Once the Lakewood Municipal Court bound the matter over, a felony cause was pending in the common pleas court; Crim.R. 5(B)(8) and an invalid termination did not make it disappear. The cause remained pending, and the clock kept running. *State v. Broughton*, 62 Ohio St.3d 253, 258 (1991).

{¶ 31} Because more than 270 days elapsed before the State initiated this case, Barkley's statutory speedy-trial right was violated. I would overrule the State's sole assignment of error and affirm. Accordingly, I respectfully dissent.